[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13778

_____

JAMES GREGORY HOWELL, JR.,

Plaintiff-Appellant,

*versus*

THE MOREHOUSE SCHOOL OF MEDICINE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03389-MHC

_____

Before BRANCH, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

James Howell, Jr., a former student, sued Morehouse School of Medicine after he was dismissed for academic deficiencies during his third year of medical school. Howell was granted an extensive array of disability accommodations while he was a student at Morehouse. To ameliorate the effects of his Attention-Deficit/Hyperactivity Disorder, he was given private testing rooms, designated note-takers in his classes, access to audio and video taped lectures, double time for examinations and in-class assignments, breaks during examinations and in-class assignments, and preferential seating in class. He claims, however, that Morehouse did not administer his note-taking accommodation effectively during his first two years because he did not receive notes for every class, and when he did receive notes, they were not always delivered within the 48-hour timeframe that Morehouse allegedly promised.

Though the problems with the note-taking accommodation had been indisputably corrected by Howell's third year of school, Howell struggled even more in his classes; he failed multiple courses and was academically dismissed from Morehouse School of Medicine. He admits, though, that during his third year he "really had to disengage from medical school" because he was researching his rights and "looking through over two years of emails." While ostensibly preparing for this lawsuit, he did not study, attend classes, or even take his exams.

Howell sued Morehouse, pleading fifteen counts related to the school's allegedly inadequate administration of his disability accommodations. Howell's basic theory of the case is that, because his note-taking accommodation was ineffective during his first two years, he never absorbed the foundational medical knowledge required to succeed in his later coursework. As a result, he argues that he is entitled to the novel relief of having his entire transcript wiped clean and being permitted to restart medical school "afresh." The district court dismissed all of Howell's claims and denied his third motion to amend the complaint.

After careful consideration of the record and the parties' briefs, and with the benefit of oral argument, we find no reversible error in the district court's well-reasoned orders dismissing Howell's federal and state law claims against Morehouse School of Medicine and denying his motion to amend his complaint a third time.

**AFFIRMED.**